## LYONS v. STILLS.

### (*Knoxville.*    October  28,  1896.)

1. SALE.  *Rescission.*

    A purchaser of a pony under an option to rescind the contract within six months if he shall become dissatisfied, is not required to return it in order to exercise his option, where it dies the night after the purchase.  (*Post, pp. 515, 516.*)

2. BILLS AND NOTES.  *Failure of consideration.*

    There is a total failure of consideration for a note given for the purchase price of a pony, taken under an option to return it if dissatisfied, where it is choked to death, without fault of the purchaser, the night after the purchase, by a slip halter placed upon it at the suggestion of the seller.  (*Post, pp. 516, 517.*)

3. EVIDENCE.  *Parol admissible.*

    Parol evidence that the purchaser of a pony took it on probation, with the privilege of rescinding the sale at the end of six months, does not contradict an unconditional note given for the purchase price, but sets up an independent agreement made at the same time, and is competent between original parties.  (*Post, p. 518.*)

    Cases cited and approved: Bissinger v. Guiteman, 6 Heis., 277; Hines v. Willcox, 96 Tenn., 128, 348.

4. RESCISSION.  *Of optional contract.*

    The purchaser of a pony, with the option of returning it at the end of six months if dissatisfied, does not act arbitrarily in rescinding the contract, where the pony is choked to death, without his fault, the night after the purchase, by a slip halter placed upon it at the suggestion of the seller.  (*Post, p. 518.*)

---

FROM HAWKINS.

---

Appeal in error from Circuit Court of Hawkins County.  H. T. CAMPBELL, J.

A. D. HUFFMASTER for Lyons.

GILLENWATERS & SON for Stills.

WILKES, J.    This cause involves the life and death of a Texas pony.    The plaintiff, Lyons, sold the pony to the defendant for $65, and took his note, retaining the title to the pony until she was paid for.    Suit was brought on the note before a Justice of the Peace, and he gave judgment for the plaintiff.    The Circuit Judge, on appeal, reversed the judgment, and the plaintiff has appealed to this Court and assigned errors.

It appears that the plaintiff, Lyons, was a trader in Texas ponies, and sold the animal to the defendant, who was a farmer.    The defendant was in the act of leading the pony away to carry her home, with an ordinary halter upon her, when the plaintiff suggested that a "slip halter" would suit the temperament and disposition of the animal better.    He thereupon furnished the defendant with a "slip halter," and had one of his experienced helpers to put it on the pony and adjust it properly.    He then advised the defendant to lead the pony home by the "slip halter," and not to turn her loose or put her into a stable, but to tie her to a post until she was gentle.    Defendant obeyed the instructions, and, following the directions of plaintiff, carried the pony home and hitched her to a post, gave her some corn and fodder, and left her for the night. The next morning the defendant came around to see

if the pony was making any progress toward getting gentle, and found her very quiet—in fact, she was dead. He says that he does not certainly know what caused her death, but thinks it was because "she could not get her breath." This seems quite probable, as the "slip halter" was found to have "slipped" down and tightened around her nostrils. It does not appear that she had any disease—certainly was full of life the evening before—and showed no signs of any ailment. She was a small pony mare, well formed, with bright eyes, and a remarkably active pair of heels.

The defendant was sued on the note. He defended on the ground that he only took the pony on "probation" for six months, and, by the contract, had the right, at any time he was dissatisfied, to rescind the trade and deliver up the pony. It does not appear that he made any effort to return the animal. His counsel excuses this on the ground that he was prevented by the "act of God." Defendant, in his proof, however, says he was prevented from making the return by the "act of the pony."

We think the formal tender or delivery back of the pony, was, under the circumstances, an immaterial matter, not going to the merits of the case. Defendant states that when he saw that the pony had committed suicide, he did not care to keep her any longer, and he therefore exercised his option to rescind the trade. His theory, after the pony died,

was, that she belonged to the vendor, and had never become his property, and hence it was not his loss. He also set up that there was a total failure of consideration.

The Circuit Judge, trying the case without a jury, took this latter view of the case, and, under the evidence, we think he was clearly correct as to the fact of there being a total failure of the consideration. The trial Judge was of the opinion it would relieve the defendant from the payment of the note. The evidence offered by the defendant that he took the pony on probation was objected to, and the Circuit Judge rejected it. We think the trial Judge was in error in discarding this testimony. It does not contradict the note, but sets up an independent agreement, made at the same time, that, upon a contingency or condition, the note was to become void. This was competent as between the parties. *Bessinger* v. *Guiteman*, 6 Heis., 277; *Hines* v. *Willcox*, 12 Pickle, 128, 348.

We think the weight of the proof was that the defendant was to have the right to rescind the trade at any time within six months if he became displeased with his bargain, and, having exercised his option, we cannot say that he acted arbitrarily in becoming displeased after the pony had put an end to her further usefulness by means of the device furnished by the plaintiff.

The judgment of the Court below is affirmed, with costs.