Quigley & Co. v. Shedd.

QUIGLEY & CO. v. SHEDD.

(*Jackson.* May 19, 1900.)

1. EVIDENCE. *Parol not objectionable as varying written instrument, when.*

Evidence of an independent verbal agreement, collateral to a written contract, is admissible, although it may affect or modify the rights of the parties under the written contract— *e. g.,* parol evidence is admissible tending to show an agreement that a certain sum paid by the defendant to plaintiff, before the written obligation sued on had been entered into, should not be credited thereon. (*Post, pp. 564, 565.*)

Cases cited and approved: Hines *v.* Wilcox, 96 Tenn., 148; Lewis *v.* Turnley, 97 Tenn., 197; Lyons *v.* Stills, 97 Tenn., 514.

2. SAME. *Admissible under pleadings.*

Although not mentioned in plaintiff's pleadings, an independent parol agreement, made before the written obligation sued on, that a certain payment previously made by defendant should not be credited thereon, is competent and admissible on behalf of the plaintiff. (*Post. p. 565.*)

3. CHARGE OF COURT. *Invasion of jury's province.*

It is a palpable invasion of the province of the jury for the Court to instruct them, peremptorily, that defendant is entitled to a certain credit on the claim in suit, where the allowance of such credit does not depend solely upon construction of a written instrument, but in part upon parol evidence. (*Post, pp. 565, 566.*)

4. SAME. *Construction of written instrument.*

It is the Court's duty to construe and to instruct the jury as to the legal meaning of unambiguous written instruments upon which rights of litigants turn; but such construction is subject to revision by this Court. (*Post, pp. 566, 567.*)

Quigley & Co. v. Shedd.

Cases cited and approved: Railroad v. Wynn, 88 Tenn., 321; Barker v. Freeland, 91 Tenn., 112; Toomey v. Atyoe, 95 Tenn., 373.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. L. H. ESTES, J.

L. & E. LEHMAN for Quigley & Co.

COOPER & WADDELL for Shedd.

CALDWELL, J. Quigley & Co. brought this suit against E. A. Shedd and C. H. Pond on the following written contract, namely:

"This memorandum of agreement, made this the 21st day of November, 1898, between R. M. Quigley & Co. and E. A. Shedd and C. H. Pond, witnesseth:

"WHEREAS, The said Quigley & Co. entered into a contract with said Shedd and Pond, on April 2, 1898, to build the pile trestles and lay the tracks on the lines of the new roads between Tutwiler, Miss., and Ruleville, Miss., and between Moorehead, Miss., and Lake Dawson, Miss.;

"AND, WHEREAS, It is desired to terminate and cancel the said contract; now, therefore,

"Said Shedd and Pond agree to reimburse the
20 P—36

Quigley & Co. *v.* Shedd.

said Quigley & Co. for all moneys they have paid out, or have obligated themselves to pay, in pursuance of said contract, as evidenced by proper vouchers and other evidences, for all payments made by them, and also to pay to said Quigley & Co. $1.50 per day for all teams which have been employed upon the work, not including Sundays or holidays; and further agree to pay the said Quigley & Co. for all track-laying outfit at cost; and, finally, agree to release the said Quigley & Co. from any obligations to the owners of a certain track-laying machine, which has been leased for laying track upon these lines, and the payment, as a bonus, of $5,000.

"In determining the various items of the expenditures of the said Quigley & Co., Captain A. W. Gloster shall act as arbitrator in the event of a disagreement between the parties to this contract.

"This contract being consummated, payment shall be made Quigley & Co. immediately.

"In witness whereof, The parties hereto set their hands on day and date first above mentioned.

"[Signed]      R. M. QUIGLEY & Co.,
"E. A. SHEDD and C. H. POND,
"By C. H. POND."

The plaintiff claimed a recovery for $21,302.55 in the aggregate—$5,000 as the bonus and $16,-

302.55 on the other matters mentioned in the contract. They also claimed interest on the whole sum.

The defendants conceded liability for the $16,-302.55, and also for $1,000 of the bonus, in all $17,302.55, but denied liability for the other $4,000 of the bonus and for interest. So that, at the trial, the only controversy was in respect of the interest and $4,000 of the bonus. The jury returned a verdict in favor of the plaintiff for $17,302.55, the amount which the defendants conceded they owed, and $596.93 interest thereon, making an aggregate of $17,899.48. The Court pronounced judgment upon the verdict as rendered.

On their appeal in error the plaintiffs still contend that they are entitled to recover the whole of the $5,000 bonus, and insist that they were deprived of that right by certain erroneous rulings of the trial Judge as to evidence and in his charge.

It was agreed at the commencement of the trial that the defendants paid the plaintiffs the sum of $4,000 under and during the life of the original contract of April 2, 1898, which was canceled by the contract sued on. The defendants contended before the Court and jury that they were entitled to have that payment credited on the $5,000 bonus, and that they were, therefore, liable on the item of bonus for the re-

maining $1,000 only; but the plaintiffs insisted that they should be allowed to recover the whole of the $5,000, without reference to the $4,000 received by them under the former contract.

It will be observed that the contract before the Court makes no allusion to the previous payment of the $4,000, but stipulates unconditionally for "the payment, as a bonus, of $5,000." The fact that such payment was made appears alone from the assertion of the defendants and the admission of the plaintiffs.

While on the stand as a witness for the plaintiffs, R. M. Quigley delivered testimony tending to show that, before the second contract was executed, it was understood and agreed between himself for the plaintiffs and C. H. Pond for the defendants, that the plaintiffs should receive the $5,000, to be included in the second contract as a bonus, in addition to the $4,000 already paid to them under the first contract.

The Court excluded this testimony from the consideration of the jury for the assigned reason that the written contract was "the consummation of the agreement" between the parties, and not subject to explanation.

That ruling was erroneous, the evident purpose and tendency of the rejected testimony being not to alter, vary, or contradict the terms of the written contract in any respect, but only to establish an independent verbal agreement collateral

to the writing. Such an agreement, if in fact made, largely influenced the rights of the parties, and, being in no sense inconsistent with the terms of the written contract, it was competent evidence upon the particular issue involved. *Hines* v. *Willcox*, 96 Tenn., 148; *Lewis* v. *Turnley*, 97 Tenn., 197; *Lyons* v. *Stills*, 97 Tenn., 514.

It is true, as suggested by counsel of defendants, that the plaintiffs based their suit entirely upon the written contract, and to no extent upon the alleged verbal agreement, yet that fact cannot affect the admissibility of this testimony, since it was introduced with the sole view of rebutting and defeating the counter claim or credit interposed by the defendants, and not for the purpose of extending the affirmative rights of the plaintiffs beyond the plain terms of the written contract.

The Court charged the jury, in effect, that the defendants were entitled to a credit on the $5,000 bonus for the $4,000 paid to the plaintiffs under the first contract and before the execution of the second one.

This charge is assailed by the plaintiffs for the reason that it took the issue of credit or no credit from the jury and peremptorily directed that the credit claimed by the defendants be allowed, when, as insisted, the question was one of fact for the decision of the jury alone. The defendants respond to the criticism, and say

that the question was one of law, being the construction of the contract sued on, and that the Court was in the exercise of his proper function when he gave the peremptory direction that the credit be allowed. Whether the matter be considered in the one aspect or the other, the learned Circuit Judge was equally in error.

If the particular issue was one of fact to be determined from the whole evidence, as we think it obviously was, the instruction was a palpable invasion of the province of the jury, and for that reason erroneous; or if, on the other hand, the issue was one of law, dependent alone upon the construction of the written contract, as we think it clearly was not, the instruction was erroneous in that it did not give the contract its true meaning. Judged by its own terms alone, the contract's meaning is exactly the reverse of the charge. It contains an unconditional obligation on the part of the defendants to pay the plaintiffs "thereafter" the full sum of $5,000 as a bonus, making no reference to the previous payment of the $4,000, or any other sum; from which it must of necessity follow, in the absence of other evidence, that the $5,000 was to be paid without abatement or reduction.

There can be no doubt that it is the duty of the Court to construe unambiguous writings upon which litigated rights are based, and to instruct the jury as to their legal meaning (*Railroad* v.

Quigley & Co. *v.* Shedd.

*Wynn,* 88 Tenn., 321; *Barker* v. *Freeland,* 91 Tenn., 112; *Toomey* v. *Atyoe,* 95 Tenn., 373), but of course the construction given below is subject to revision in this Court.

Reverse and remand.