## ELBINGER SHOE CO., v. McKINLEY THOMAS, et al.

Middle Section. August 29, 1925.

No petition for Certiorari was filed.

1. **Appeal and error. On appeal error should be assigned with same precision as in motion for new trial.**

Errors should be formally assigned, briefly setting out the grounds with as much precision as in a motion for a new trial, and the argument should then follow as laid down by the rules of this court. Simply stating that the court erred in overruling a motion for a new trial is insufficient. Each error relied upon should be assigned separately and specifically.

2. **Appeal and error. Appellate court will not consider weight of evidence.**

It is well settled that the appellate court does not weigh the evidence, and where there is some material evidence to sustain the judgment, in law cases, the appellate court is bound by the findings of the lower court.

3. **Sales. If written evidence does not show how sale made, oral testimony is admissible to show sale by sample.**

If the written evidence of the transaction does not purport to be a complete transcript of the transaction, oral evidence is admissible to show that the sale was by sample and gives rise to the warranty incident thereto.

4. **.Sales. There is an implied warranty of sales by sample.**

Under the Uniform Sales Act 1919, Chapter 118, as amended by the Acts of 1923, Chapter 83, there is an implied warranty of sales by sample (Sec. 16) and if upon examination (Sec. 47) it is found that the goods are not like the samples, the buyer may at his election rescind the contract and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price paid.

**5. Sales. Burden of proof on seller to show bulk like sample before he can recover contract price.**

If the seller contracts to deliver goods by sample and the buyer refuses them, he cannot recover upon the contract, without showing that the buyer is in default in refusing the goods, and this cannot be shown without proof that the goods correspond to the sample. The burden of proof, therefore is upon the seller to establish that fact.

**6. New trial. Oversight in preparing case not ground for new trial.**

The fact that the party merely over-looked the taking of a deposition or was surprised that he had over-looked it, is not sufficient.

**7. Judgment. Practice. Motion in arrest of judgment must be based on grounds of error appearing on the face of the record.**

Motions in arrest of judgment should come from the defendant, except in cases of set off and counterclaim. If the plea of the defendant be insufficient, and the verdict of the jury is against the plaintiff, the remedy of the plaintiff is not in arrest, but a motion for judgment notwithstanding the verdict.

Appeal in Error, Circuit Court, Putnam County.; Hon. C. E. Snodgrass, Judge.

Affirmed.

R. B. Capshaw, of Cookeville, for plaintiff in error, Shoe Company.

Jno. Tucker, of Cookeville, for defendants in error, Thomas, et al.

CROWNOVER, J. This suit was before us at a former day of this term, when the plaintiff in error was allowed 15 days in which to execute an appeal bond in this court. Said bond having been executed, the case is now before us on its merits.

This was an action on a probate account for $208.59, coming from the State of Ohio for shoes shipped to the defendant McKinley Thomas, and was originally instituted before a Justice of the Peace by the plaintiff in error against McKinley Thomas and Joe Cronk, the latter having purchased the stock of goods in violation of the Sales Bulk Statute, without having notified the creditors of the sale. The justice rendered a judgment against the plaintiff and the case was appealed to the circuit court, where it was tried by the judge without a jury, and resulted in a judgment for the defendants below. Plaintiff appealed to this court and has assigned several errors.

The plaintiff in error Elbinger Shoe Manufacturing Company, operated a shoe manufacturing plant in Lebanon, Ohio, but its offices were in the city of Cincinnati. It had a traveling salesman in the State of Tennessee, who took orders from the defendant Thomas for certain bills of shoes on April 23, 1920, which were sent to the company. A part of the shoes were to be shipped immediately and the balance in the summer or fall of that year. The salesman had certain samples which he exhibited to the defendant Thomas, and the sale was made by the samples with the oral agreement that if the shoes were not like the samples they might be returned. The

defendant Thomas did not sign the said orders. On April 28, 1920, the plaintiff shipped two packages of the shoes valued at $208.59 to the defendant Thomas at Cookville, R. F. D. No. 9, by parcel post mail. The defendant Thomas was operating a store at Baxter, Tennessee. These packages were delivered to the defendant Thomas, who opened them and sold one pair of shoes to a customer, who returned them because they were defectively made, in that the upper had not been securely fastened to the sole of the shoe. Thomas and his wife examined the packages of shoes and ascertained that they were not according to the samples shown them at the time they purchased the shoes. Thereupon Thomas interviewed a neighbor who had previously had some experience in the mercantile business and told him that the shoes delivered were not like the samples, and by direction of Thomas this man wrote a letter to the company informing it of this fact, stating that the shoes were subject to its orders saying ''please advise disposition of same.'' The company replied suggesting that it would give Thomas more time to pay for the shoes. Thereupon Thomas placed all of said shoes back into the packages and returned them to the company. He delivered the packages to Comer Cannon, the mail carrier, and gave him the bill, and paid the postage for the return, with instructions that the carrier address the packages and return them by parcel post to the company. The mail carrier hauled the packages from Baxter to Cookeville, where he placed the address of the company on the packages, paid the postage, and then returned the bill or invoice to the company by letter. The company claimed that it never received these packages and that they were evidently lost in transit: hence, this suit was instituted with the result above stated.

The plaintiff in error has assigned several errors predicated upon the action of the court in overruling a motion for a new trial and motion in arrest of judgment.

It is doubtful whether the plaintiff in error has complied with the rules of this court in formally assigning errors. Errors should be formally assigned, briefly setting out the grounds with as much precision as in a motion for a new trial, and the argument should then follow as laid down by the rules of this court (150 Tenn. 812). Simply stating that the court erred in overruling a motion for a new trial is insufficient (3 Hig., 474). Each error relied upon should be assigned separately and specifically. The plaintiff in error has set out the grounds of the motion for a new trial, and stated that the court erred in overruling the several grounds; and, in other places in the brief, he argued the facts to substantiate the contention, but without citation of authorities to aid the court in determining the different questions. But this court desires, if possible, to decide the cases on the merits, hence, we have treated the case as if errors

had been formally assigned in accordance with the rule. However, attention is called to our rules and attorneys should familiarize themselves with these rules and practice accordingly, so that much time and labor may be saved the court.

The first three assignments of error, in substance, complain that the court erred in holding that the preponderance of the evidence was in favor of the defendant and because the court dismissed the suit.

It is well settled that this court does not weigh the evidence, and where there is some material evidence to sustain the judgment, in law cases, this court is bound by the findings of the lower court. Sec. 5 Michie's Tennessee Ency. Dig. 102, etc. It results that the assignments of error Nos. 1, 2 & 3 must be overruled.

The assignments Nos. 4 to 9, inclusive, are that the court erred in holding that the delivery of the packages to the mail carrier, with instructions for the mail carrier to address them and to pay the postage was a sufficient delivery to the company, and that the goods had been actually returned to their proper destination.

Under these assignments it is insisted that the defendant Thomas should have taken a receipt from the carrier and should have insured the packages against loss or sent them by express.

The proof shows beyond question that the goods were delivered to the carrier and that he hauled them to the post office at Cookeville, and addressed them to the company, paid the postage and mailed the original bill back to the company. The address of the company was taken from the bill, and later the same bill was returned to the defendant Thomas.

The buyer did not sign the orders, but purchased by sample, with the verbal understanding that the goods might be returned if not according to the samples. The order did not state whether the sale had been made by sample.

"If the written evidence of the transaction does not purport to be a complete transcript of the transaction, oral evidence is admissible to show that the sale was by sample and give rise to the warranty incident thereto. Where the bill of sale merely showed a sale of commodities by generic name without designation of quality, oral evidence of the exhibition of and sale by a sample has been held admissible for the purpose of establishing a warranty that the bulk will comply with the sample; and the broad view seems to have been taken that, though the contract is in writing and contains no reference to a sale by sample, oral evidence is admissible to show that the sale was a sale by sample on the theory evidently that this is in effect the use of oral evidence to identify the subject matter of the sale." See 24 R. C. L. pages 216-17, Sec. 458; Williston on Sales (2 Ed.), Sec. 254.

It has been frequently held in Tennessee that oral evidence is admissible to set up an independent agreement made at the same time, where it does not vary or contradict the terms of the written agreement. See Lyons v. Stills, 97 Tenn., 514.

Originally in Tennessee it was held, that in the absence of an agreement giving · him the right to return the goods the buyer in an executed contract of sale of goods could not on a breach of warranty return the goods, his remedy in such cases being on the warranty (Bellew v. Clark, 4 Hump., 506; Allen v. Anderson, 3 Hump., 581). This has since been changed, and, in the absence of a stipulation to that effect, it is not necessary that the buyer should return or offer to return the goods in order to avail himself of a breach of warranty by an action for damages. But in order to bar a recovery of the price, the goods must have been returned or tendered, unless they were worthless for any purpose. See Southern Brass Company v. Exeter Machine Works, 109 Tenn., 67; Franklin v. Ezell, 1 Sneed, 497.

Under the Uniform Sales Act 1919, chapter 118, as amended by the Acts of 1923, Chapter 83, there is an implied warranty of sales by sample (Sec. 16) and if upon examination (Sec. 47) it is found that the goods are not like the samples, the buyer may at his election rescind the contract and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price paid. (Sec. 69, Sub-Sec. 1 (d) and 3; 1 Williston on Sales (2 Ed.), Sections 251, 603, 608). But where the goods have been delivered if the buyer would rescind the contract he must return or tender back the goods to the seller at the place of delivery unless upon the offer so to do, he is relieved of the obligation by a refusal to receive them if tendered. 2 Williston on Sales (2 Ed.), Sec. 610.

Where the buyer and seller lived at a distance and the article was shipped in the first instance to the buyer by carrier, and it did not come up to the sample, the buyer may after an examination, return it, but it is his duty to return it within a reasonable time unless relieved by a refusal to receive if tendered, and the delivery to a responsible carrier, such as the one employed in the first instance by the seller, might, under certain circumstances, operate as a delivery to the seller (24 R. C. L., 427 Sec. 722); but the questions of how these shoes were returned and whose agent the carrier became, are immaterial, as there is some proof that the seller did actually receive the shoes.

However, it is insisted that the goods were not given a sufficient trial and that the buyer had no right to return them as they were sold not subject to countermand. But, as above stated, we think that the proof shows that the goods were sold by sample and that

they did not come up to the sample. Plaintiff in error did not attempt to show that these shoes were like the samples.

"If the seller contracts to deliver goods by sample and the buyer refuses them, he cannot recover upon the contract, without showing that the buyer is in default in refusing the goods, and this cannot be shown without proof that the goods correspond to the sample. The burden of proof, therefore, is upon the seller to establish that fact." See Williston on Sales (2 Ed.), Sec. 255.

It is further insisted, under these assignments of error, that the trial court erred in holding that the goods had actually been returned to the seller. After reading the whole record we are satisfied that the trial judge was correct in holding that the packages had been returned. The mail carrier says that he addressed them and paid the postage, that he placed the same address as given in the bill, and that he placed them in the mail, and then sent the bill to the company by letter. The company evidently received the bill, because it returned the same bill to the defendant Thomas, and the mail carrier afterwards saw the same bill in the possession of Thomas. Thomas and his wife, both testify that the company wrote him that they were in receipt of the returned shoes and asked why he returned them. They say the letter was dated about May 15, 1920. However, the company insists that it wrote him that it had received the invoice and asked why he returned it. The proof that the company did not receive the returned shoes in unsatisfactory. The General Manager, Carl M. Elbinger, was asked the direct question whether he wrote that letter acknowledging the receipt of the returned shoes, but he failed to answer the interrogatory. The proof shows that the shipment of these shoes was made under the supervision of A. R. Moore, and that he attended to the correspondence, but Moore's deposition was not taken. The manager and other employees of the company testified that the shoes had not been returned or received by the company in so far as they knew and that they had examined the records, which failed to show that they had received the packages. This is negative testimony and does not establish the fact one way or the other. We also think that there was some material proof to show that the company actually received the packages, then the question of how they were returned is immaterial. It results that the assignments of error Nos. 4 to 9 inclusive, must be overruled.

By the 10th assignment of error it is insisted that the court erred in not granting a new trial upon the affidavit of the attorney for the plaintiff in error that he might take the deposition of A. R. Moore to prove that he did not receive the shoes at the Cincinnati office, and that the failure to take Moore's deposition was merely an unintentional oversight.

We have examined this affidavit, but we do not think that it shows sufficient diligence on the part of the plaintiff in error. There is no sort of diligence shown on the part of the plaintiff in error to avail itself of the evidence of this witness, other than that it "unintentionally and by oversight overlooked the taking of the deposition of one of plaintiff's witnesses, to-wit: A. R. Moore . . . that the failure to take said Moore's deposition was an honest mistake or oversight on his part unmixed with any unintentional carelessness or negligence on his part in preparing the case," and that he was greatly surprised to discover that he had not taken said Moore's deposition. It is the duty of the parties to see that they have all of the testimony before they announce ready for trial. The fact that the party merely overlooked the taking of a deposition or was surprised that he had overlooked it, is not sufficient. However, we are of the opinion that another trial would not change the result. The party must show diligence in the preparation of his case for trial. See Dalton v. Kopp, 2 Hig., 619; Caruthers History of a Law Suit (5 Ed.), 316-317. It results that this assignment of error must be overruled.

It is also insisted that the trial court erred in overruling a motion in arrest of judgment. The grounds for the motion in arrest of judgment are not set out in the assignment of error. As before stated, an assignment of error "that the court committed error in refusing to sustain a motion for a new trial," or that "the court erred in overruling the demurrer," or that "the court erred in not sustaining the Clerk & Master's report," or "in overruling a motion in arrest of judgment", without setting out the grounds or reasons why the court erred, are all too general and are not good in this court. But in the instant case the plaintiff in error here refers his court to the pages of the record where his motion in arrest of judgment is set out, and then states that the court erred in overruling his motion in arrest of judgment, which is assigned as error. We do not think that this is sufficient. However, we have carefully read over the grounds set out in plaintiff's motion in arrest of judgment, and find that the four grounds are predicated upon the plaintiff's theory of the evidence. A motion in arrest of judgment must be based on grounds of error appearing on the face of the record. If the declaration does not show a good cause of action the judgment may be arrested. An entire omission to state facts showing cause of action is not cured by a verdict. Motions in arrest of judgment should come from the defendant, except in cases of set-off and counterclaim. If the plea of the defendant be insufficient, and the verdict of the jury is against the plaintiff, the remedy of the plaintiff is not in arrest, but a motion for judgment notwithstanding the verdict. However a judgment cannot be arrested except for error appearing on the

face of the record. A motion in arrest based on the plaintiff's theory of the evidence is not good. See Caruthers History of a Law Suit (5 Ed.), 320-1. Hence, this assignment must be overruled.

It results that all of the assignments of error are overruled and the judgment of the lower court dismissing the suit, is affirmed. The cost of the appeal is adjudged against the plaintiff in error and surety on the appeal bond, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.