Berta Garth Jones, Respondent, v. James W. Healy, Appellant.

Second Department, December 30, 1932.

*John P. Carroll* [*George H. Burtis* and *Benjamin Schifter* with him on the brief], for the appellant.

*Arthur C. Mandel* [*Armin H. Mittlemann* with him on the brief], for the respondents.

Per Curiam. The plaintiff sued to recover damages for breach of warranty in the sale of a horse which she had purchased for $800, and " for the reasonable charge for the care, custody and up-keep of the said horse."

It appeared, and it has been found, that the horse was not sound as warranted, and apparently had little value. The plaintiff, upon discovery of the condition of unsoundness, rescinded the contract and offered to return the horse to the seller, who refused to accept the horse and became immediately liable for the price theretofore paid. (Pers. Prop. Law, § 150, subds. 1 [d], 4.)

The plaintiff thereafter held the horse as the bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which had been paid. (Pers. Prop. Law, § 150, subd. 5.) Instead of bringing her action promptly and selling the horse on her lien within a reasonable time, this action was not commenced until nearly nine months after the offer to return. In the meantime the horse had been shipped to the plaintiff's farm in Virginia. Concerning what was done with her there we are not informed except that it appears that she was furnished maintenance by the plaintiff. The action was tried nearly two years after the sale.

The plaintiff recovered not only the purchase price of the horse, but $1,260 for maintenance up to the date of trial. Although the question was not raised either at the trial or on the appeal, we regard this amount as so grossly excessive and illegal that it cannot stand, but must be modified. It was the duty of the plaintiff to sell the horse in satisfaction of her lien within a reasonable time after the breach of warranty was discovered and the defendant refused to join in rescission. From the record we can say that the approximate expenditure for freight and maintenance was $420 during the time allowed to her to sell or otherwise dispose of the horse.

The judgment should be modified by reducing the amount of damages from $2,060 to $1,220, and as so modified affirmed, with costs to respondent.

Present — LAZANSKY, P. J., KAPPER, CARSWELL, SCUDDER and DAVIS, JJ.

Judgment modified by reducing the amount of damages from $2,060 to $1,220, and as so modified unanimously affirmed, with costs to respondent. Finding No. X will be modified by inserting " $420 " in lieu of " $1,260 " and the conclusions of law modified accordingly, with adjustments of interest in the findings and the judgment.

Settle order on notice.