## LAZAROV v. ARNOLD SCHWINN & CO.

### No. 11046.

United States Court of Appeals
Sixth Circuit.

June 2, 1950.

674

Harry Rubert, Memphis, Tenn., Miles, Rubert & Miles, Sidney Lazarov, Memphis, Tenn., on brief, for appellant.

John S. Montedonico, Memphis, Tenn., John S. Montedonico, Memphis, Tenn., H. D. Burgess, Chicago, Ill., Canale, Glankler, Little, Boone & Loch, Memphis, Tenn., MacLeish, Spray, Price & Underwood, Chicago, Ill., on brief, for appellee.

Before HICKS, Chief Judge, SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment of the District Court rendered on a jury verdict in an action brought by appellee (hereafter called the buyer) to recover $7,522, with interest, the cost of certain steel tubing theretofore ordered by it and paid for by sight draft on February 26, 1948. The buyer rejected the tubing upon inspection at delivery because it failed to conform to the specifications of the contract as to quality, composition, size, and condition.

On February 11, 1948, the buyer, a bicycle manufacturer of Chicago, Illinois, forwarded its purchase order for the tubing in question to appellant (hereafter called the seller) at Memphis, Tennessee, and the order was accepted by telegram. The seller's agents, so the buyer testified, when soliciting this contract, represented that the seller was a manufacturer of tricycles in Memphis, and that the tubing was suitable for use in the manufacture of bicycles, that it was soft and could be mashed, rounded or curved. While the seller had bought an insolvent manufacturing concern and had manufactured a limited number of tricycles, his main business was dealing in junk, and the tubing in controversy had been bought at a bankrupt sale. It was shipped to the buyer f. o. b. Memphis, arriving February 27, 1948. Various witnesses testified to the effect that upon examination the tubing was found to be rusted, corroded, full of pits, and uneven in size, that it split when subjected to the bending process, and that of samples which were selected at random every piece tested split when flattened or bent. The buyer thereupon ordered the carrier to return the tubing to the seller and gave the seller's representative immediate notice of the rejection of the goods and rescission of the contract. On March 1, 1948, the buyer wrote the seller that he could not accept the goods and offered to return them. The seller admits the rejection and rescission of the contract, but contends that he refused to accept return of the tubing. He states that he did not personally notify the buyer of this refusal, but says that he directed his attorneys to give this notice. However, the only letter sent by the seller's attorneys contains no statement amounting to a rejection of the goods. It simply raises questions about sharing cost of disposition.

The case was submitted to the jury under sections 7262 and 7243 of the Uniform Sales Act of Tennessee, covering remedies for breach of warranty. The perti-

nent portion of the statutes is given in the margin.[1]

The court charged the jury in substance that the buyer must establish (1) that a contract existed under which the seller agreed to supply the buyer with seamless steel tubing in accordance with certain specifications as to quality, composition, size, and condition; (2) that there was a breach of warranty on the part of the seller, the effect of which amounted to want of consideration in that the seller failed to furnish the buyer with the kind and type of steel tubing he had agreed to furnish and supply; and (3) that within the reasonable time after the discovery of such failure of consideration and rescission of the contract the buyer returned or offered to return the tubing to the seller, and made demand for the return of the money paid. The court charged that the fact that payment for the goods had been made in advance did not preclude the purchaser from examining the goods, rejecting them, and rescinding the contract if the goods did not conform thereto, and that defects in the materials would not be waived by the buyer through payment of the purchase price if the buyer had no actual knowledge of such defects prior to payment.

The court refused to give a number of special instructions requested, based upon the provisions of section 7262(5), and this, the seller contends, constitutes reversible error.

The charge of the District Court was correct. As there pointed out, the existence of the contract and its terms as to quality, composition, size, and condition were not disputed. The seller did not except to this statement. The payment by the buyer and failure of consideration, the prompt rejection of the goods and the buyer's notification of refusal and offer to return the goods, were shown by substantial evidence and hence the applicable sections of the Uniform Sales Act are 7262(1) (d) and (4), which were read to the jury and upon which the charge was based.

The seller urges that he refused to accept return of the tubing, and that under section 7262(5) the buyer therefore was under the duty as bailee for the seller to sell, protect, or dispose of the tubing. The tubing was kept in trailers for a month, later put in the carrier's warehouse, and after several

1. "7262. Remedies for breach of warranty. —(1) Where there is a breach of warranty by the seller, the buyer may, at his election: * * *

"(d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them to the seller and recover the price or any part thereof which has been paid. * * *

"(3) Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer. But if deterioration or injury of the goods is due to the breach of warranty, such deterioration or injury shall not prevent the buyer from returning or offering to return the goods to the seller and rescinding the sale.

"(4) Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon returning or offering to return the goods. If the price or any part thereof has already been paid, the seller shall be liable to repay so much thereof as has been paid, concurrently with the return of the goods; or immediately after an offer to return the goods in exchange for repayment of the price.

"(5) Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section 7246. * * *"

"7243. Unless otherwise agreed, where goods are delivered to the buyer, and he refuses to accept them, having the right so to do, he is not bound to return them to the seller, but it is sufficient if he notifies the seller that he refuses to accept them."

months sold for less than the amount of the carriage and storage charges.

The cases principally relied on by the seller contain the element of refusal by the seller to accept the return of the goods. Houze v. Blackwell, 144 Ga. 700, 87 S.E. 1054; Jones v. Bloomgarden, 143 Mich. 326, 106 N.W. 891; Jones v. Healy, 237 App.Div. 264, 261 N.Y.S. 464; Kahn v. J. C. Management, Sup., 59 N.Y.S.2d 547; Pleak v. Marks & Shields, 171 Iowa 551, 152 N.W. 63; Rubin v. Sturtevant, 2 Cir., 80 F. 930; Wilson & Co. v. M. Werk Co., 104 Ohio St. 507, 136 N.E. 202, 24 A.L.R. 1438. But here it does not appear that the seller refused to accept the buyer's offer to return the goods.

It would be useless to discuss further the many cases relied on by the seller, which are sharply distinguishable on the facts. Jones v. Bloomgarden, supra, actually supports the buyer, for there it was held to be error to charge that it was the buyer's duty, if he refused to accept the goods on arrival, to reship them to the seller.

Section 7262(5) comes into force only where the seller refuses to accept an offer of the buyer to return the goods. The controlling provisions here are those of section 7262(4), that the seller shall be liable to repay to the buyer the price paid immediately after an offer to return the goods, and section 7243, that the buyer, if he rightfully rejects the goods, need not return them. It is sufficient to notify the seller of the rejection.

■ The judgment of the District Court is in accord with the law of Tennessee. The Supreme Court of that state has held that the right to rescind a contract under section 69(1) (d) of the Uniform Sales Act [Williams' Tennessee Code, section 7262(1) (d)] is absolute and not discretionary, and that entire or substantial failure of consideration permits rescission of the contract and recovery of the money paid. True v. J. B. Deeds & Son, 151 Tenn. 630, 271 S.W. 41; Cf. Elbinger Shoe Co. v. Thomas, 1 Tenn.App. 161. In Rundle v. Capitol Chevrolet, Inc., 23 Tenn.App. 151, 158, 129 S.W.2d 217, 221, the court declared:

"Defendant insists that plaintiff did not return the car or tender it so as to entitle him to rescind. When the tires were taken, plaintiff requested defendant to take back the car and pay his money back, which it declined to do. * * * This, we think, was sufficient."

The judgment of the District Court is affirmed.