[No. 36808. Department Two. January 30, 1964.]

PENINSULA TRUCK LINES, INC., *Respondent,* v. L. A. TOOKER, *Appellant.*\*

\*Reported in 388 P. (2d) 958.

*Johnston & Raley* and *W. Wesselhoeft,* for appellant.

*Johnson, Jonson & Inslee* (*Evan E. Inslee,* of counsel), for respondent.

DAWSON, J.†—Peninsula Truck Lines, Inc., brought this action to obtain a decree declaring that a note and mortgage were fully paid and satisfied, and requiring defendant to endorse and deliver to plaintiff the certificates of title covering the vehicles (excluding two hereinafter referred to) which had been sold by defendant to plaintiff. The certificates had been retained under the chattel mortgage to secure payment of the note.

Plaintiff had paid the note in full and the controversy between the parties arose from the following circumstances. The defendant sold plaintiff vehicles and other assets of Tooker Motor Freight on March 31, 1951. Described and included in the bill of sale and chattel mortgage were a 1941 homemade semitrailer and a 1936 GMC tractor. Neither was in operating condition and plaintiff did not take possession of them. They remained on defendant's premises for approximately 10 years. After the other vehicles were delivered, defendant billed plaintiff for storage charges at an early date and periodically thereafter. Plaintiff re-

---

†Judge Dawson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

peatedly denied defendant's right to collect storage. By cross claim, defendant prayed for judgment in the amount of $5,881.50 for storage of the vehicles and certain freight bills.

Plaintiff prevailed and a summary judgment dismissing defendant's cross claim was granted on the ground that there was no genuine issue of any material fact and

"That the defendant's cause of action, if any, accrued more than six years prior to commencement of this action by the plaintiff or defendant and as a matter of law the statute of limitations has run on any claim of the defendant."

Defendant appeals.

On the premise that a judgment will be sustained if any theory upholds it, respondent has advanced the following hypotheses: (1) the statute of limitations has run; (2) title to the two undelivered vehicles remained in appellant; (3) the chattel mortgage lien does not include storage charges; and (4) appellant, as an involuntary or gratuitous bailee, is not entitled to compensation for storage, at least in absence of an express agreement therefor. Appellant's position on appeal is that regardless of which course we pursue, we find genuine issues of material fact awaiting us. It is argued that on any theory the summary judgment cannot be sustained.

■ Appellant concedes that, because his answer and cross claim were verified by his attorney on belief only, and he filed no counteraffidavits, respondent's affidavit and presentation must be accepted as stating the established facts of the case. We are in agreement with this view. *Stringfellow v. Stringfellow,* 53 Wn. (2d) 639, 335 P. (2d) 825. Such facts, however, must be based upon personal knowledge. Further, statements of conclusions and other surplusage will be disregarded. Rule of Pleading, Practice and Procedure 56 (e), *Henry v. St. Regis Paper Co.,* 55 Wn. (2d) 148, 346 P. (2d) 692. Further, we must measure respondent's factual showing in the light of the rule that respondent, as the moving party, had the burden of showing that there was no genuine issue of facts, irrespective

of where the burden would rest at the trial. *Preston v. Duncan,* 55 Wn. (2d) 678, 349 P. (2d) 605.

█ Before we consider whether the statute of limitations bars appellant's claim, it is first necessary to measure appellant's rights. If our treatment appears synthetical, it is because the problem does not lend itself to seriatim consideration. The fact there was no voluntary transfer of possession from appellant to respondent does not alter respondent's legal right to possession of the inoperative vehicles. However, if legal title did not pass, or there was an abandonment of the property, there is no legal basis to support a present claim for storage.

█ Did title pass? This question must be answered by ascertaining the intent of the parties. RCW 63.04.200 (Rule 2) provides:

"Where there is a contract to sell specific goods and the seller is bound to do something to the goods for the purpose of putting them into a deliverable state, the property does not pass until such thing be done."

Respondent contends this rule is applicable because a covenant of the chattel mortgage required that respondent "maintain, preserve and keep such property in good repair, working order and condition." We, therefore, must infer, it is said, an intent that title would not pass until the vehicles were put into a deliverable condition by the vendor.

The rules for ascertaining the intent of the parties, provided in RCW 63.04.200, are applicable only if a contrary intent is not shown. The following factors weigh against the contention that title did not pass: (1) The only statement of condition in the contract was that "The sale . . . shall be effective upon the approval thereof by the Interstate Commerce Commission . . ." Payments were to begin when these permits had been received. (2) The bill of sale was executed one year after the original agreement to sell and the I.C.C. permits were obtained. It contained no conditions precedent affecting the passing of title. Indeed, the document indicated a completed sale—the "property . . . is hereby conveyed," the buyer "accepts the prop-

erty . . . conveyed." (3) Neither the bill of sale nor the original agreement made provision that the vehicles were to be in an operative condition. (4) Respondent paid the full purchase price. This circumstance gives rise to the strong inference that present ownership was intended to be transferred. Vold, Law of Sales (2d ed.) § 24, p. 140.

It seems clear that title passed to respondent. The mortgage covenant relied upon by respondent deals primarily with preservation of security, not terms and intent of sale. The most that can be said is that if an ambiguity exists, it will raise a factual question, which must be resolved in the light of all relevant circumstances. Such factual dispute, as to meaning, will defeat a motion for summary judgment. *Rolle Mfg. Co. v. Marco Chemicals, Inc.,* 92 F. Supp. 218; *Neiman-Marcus Co. v. Lait,* 107 F. Supp. 96.

Respondent argues that even if title did pass to it, the theory of abandonment bars the claim in this case. We are unable to find any supporting facts to clothe such theory with an intent to abandon. *Ferris v. Blumhardt,* 48 Wn. (2d) 395, 293 P. (2d) 935; *Manello v. Bornstine,* 44 Wn. (2d) 769, 270 P. (2d) 1059, 45 A.L.R. (2d) 494.

Appellant's retention and refusal to deliver title certificates to the vehicles in respondent's possession after the purchase price was paid in full were predicated upon a continuing mortgage lien during the 10-year period for storage charges for keeping the two inoperative vehicles in his possession.

The respondent alleged in its reply that the property was of no value and the storage was of no benefit to it. This pleading was incorporated by reference into respondent's affidavit. It is difficult to justify appellant's contentions at this stage because he did not pierce the pleading by a counteraffidavit. He has presented no genuine issue that the vehicles were of value constituting a security in fact. He has not shown that storage or other expenses were reasonable and necessary to preserve the vehicles as security under the mortgage.

In view of the conclusions we have reached, appellant, as the vendor, became a bailee. Were there enough in issue to pose a question of fact as to whether the bailment be classified one for mutual benefit, then the reasonable value of appellant's performance could not be considered under the affirmative defense of the statute of limitations. However, any bailment present is entirely an involuntary one arising from the status of a seller in possession of property after sale. We must, therefore, measure his rights under the provisions of the Uniform Sales Act. RCW 63.04.520 reads in part:

"When the seller . . . requests the buyer to take delivery, and the buyer does not within a reasonable time after such request take delivery . . . he is liable to the seller for any loss occasioned by his neglect or refusal to take delivery, and also for a reasonable charge for the care and custody of the goods. . . ."

This section (§ 51 of the Uniform Sales Act) is designed to permit the seller to prevent deterioration pending a resale, without personal cost. Thus, costs of storage may be recovered as a reasonable expense. *Wood & Selick, Inc. v. American Grocery Co.*, 96 N.J.L. 218, 114 Atl. 756. The seller is given a lien for such storage charges as are reasonable in amount. *Flesher v. Handler,* 303 Mass. 482, 21 N. E. (2d) 975.

In commenting on § 51, *supra,* 3 Williston on Sales (Rev. ed.) § 559, p. 192, states:

" . . . there must be some limit to the power of the seller to keep the goods indefinitely and charge up the expense of keeping them against a buyer who has repudiated or totally failed to keep his obligation."

In line with this comment, the better rule under § 51, or similar statutes, and even under common law doctrine, has been to the effect that in the absence of an express agreement touching the matter, a seller or purchaser, in making a resale under such circumstances, must sell within a reasonable time if he would collect costs. *Jones v. Healy,* 237 App. Div. 264, 261 N.Y.S. 464; *Parish Mfg. Corp. v. Martin-Parry Corp.,* 285 Pa. 131, 131 Atl. 710; *Tripp v. Forsaith Mach. Co.,*

69 N. H. 233, 45 Atl. 746; *Strauss v. National Parlor Furniture Co.,* 76 Miss. 343, 24 So. 703.

We will assume, but need not determine, that the statute of limitations in this case is 6 years. It is thus seen that for a 4-year period appellant kept in his possession two inoperative vehicles of little, if any, value. During this period, respondent, as purchaser, denied appellant's right to charge storage. Respondent has never demanded delivery, repair at appellant's expense or a credit on the purchase price for the undelivered vehicles. The parties had no understanding whatever relative to retention of the vehicles. Upon respondent's failure to take possession, appellant had the statutory right to resell the vehicles within a reasonable time and collect reasonable storage for such period, together with any costs of resale. Not having done so, under the facts and circumstances, his statutory rights in that connection terminated long before the 4-year period had elapsed.

Thus it seems obvious that the statute of limitations has run against any claim in that connection. The fact that respondent was paying the purchase price in accordance with the terms of the promissory note without demand spelled with clarity a refusal to take possession.

We conclude that the issues within the framework of the pleadings present no genuine issues of fact which will support appellant. He is bound by his own omissions. The summary judgment is, therefore, affirmed.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.