1069.   ARNOLD *v.* LOUISVILLE AND ·NASHVILLE RAIL-
ROAD COMPANY.

While a clause in a contract for the shipment of live-stock, providing that,
    as a condition precedent to the shipper's right to recover any damages
    for loss or injury, he should give notice in writing of his claim there-
    for before the animals are removed from the place of destination and
    before they are mingled with other animals, is prima facie reasonable
    and binding, nevertheless it may be waived or rendered unreasonable and
    unenforceable in the particular case by the conduct of the carrier.

Action for damages, from city court of Atlanta—Judge Calhoun.
January 24, 1908.

Argued May 5,—Decided July 25, 1908.

*Burton Smith, Lawton Nally,* for plaintiff.

*Tye, Peeples, Bryan & Jordan,* for defendant.

POWELL, J.   The suit was for damages to live-stock shipped
under the usual form of signed special contract.   The company
was to furnish the shipper transportation on the train with the
stock, and he assumed certain duties in relation to the stock, which
otherwise the carrier should have performed.   After about half
of the journey was completed, the carrier refused to allow him
further passage on the train with the stock; and thus he was
prevented from accompanying it as required in the contract.   Upon
the trial he showed these facts, but the court directed a verdict

for the defendant, chiefly, we infer from the argument, upon the ground that the shipper did not comply with that clause of the contract which provided that, as a condition precedent to the shipper's right to recover any damages for loss or injury, he should give notice in writing of his claim therefor before the animals were removed from the place of destination, or place of delivery to the shipper, and before they were mingled with other animals. It seems, from the evidence, that when the shipper was refused transportation on the train that brought the stock, he took another train, and arrived ahead of them, and that the stock were delivered in the stock-pens of his agents at the point of destination before he knew they had arrived.

While this clause of the contract just mentioned has been held to be reasonable and valid (*Southern Ry. Co.* v. *Adams,* 115 *Ga.* 705, 42 S. E. 35), still it may be waived, or rendered unreasonable and unenforceable as to the particular case, by the conduct of the carrier. *Central R. Co.* v. *Pickett,* 87 *Ga.* 734 (13 S. E. 750); *Carter* v. *So. Ry. Co.,* 3 *Ga. App.* 35 (5), (59 S. E. 209). If the carrier, in breach of its contract, refused to allow the shipper to accompany the stock, it thereby relieved him from those duties he had assumed, so far as the due performance of them was dependent upon his being present with the shipment throughout the journey. It was a jury question as to whether the carrier, by refusing the shipper transportation on the freight train and by unloading the stock into his agent's pens before he had time to inspect them, did not waive or render unreasonable in the particular case this clause of the contract.          *Judgment reversed.*