1220. CENTRAL OF GEORGIA RAILWAY CO. *v.* HUSON.

A suit under the act of 1889 (Acts 1889, p. 136), Civil Code, §2316, for the recovery of a penalty incurred by a railroad company by reason of its failure to refund an overpayment of freight as required by the act, is barred by §3776 of the Civil Code when not brought within one year from the time the company's liability therefor was discovered, or by reasonable diligence could have been discovered.

Action for penalty, from city court of Covington—Judge Whaley.   May 9, 1908.

Submitted July 16, 1908.—Decided February 9, 1909.

*Lawton & Cunningham, J. M. Pace, H. W. Johnson,* for plaintiff in error.   *A. D. Meador, Capers Dickson,* contra.

HILL, C. J.   The plaintiffs brought suit against the Central of Georgia Railway Company, to recover the sum of $241, as a penalty for its refusal, on demand, to refund an overcharge of freight, amounting to $120.50.   At the conclusion of the evidence the court directed a verdict for the plaintiffs, for the full amount of the penalty sued for.   The railway company filed a motion for a new trial, which was overruled.   The defenses made in the court below and insisted on in this court were, (1) that there was no overcharge of freight as claimed; (2) that §2316 of the Civil Code of 1895, upon which the suit was based, was in violation of certain provisions of both the Federal and State constitutions; and (3) that an action for a penalty under that section of the code was barred by the statute of limitations.   This court is asked by the plaintiff in error to certify to the Supreme Court the constitutional questions made in the record, but, as we are clear that the determination of these constitutional questions is not necessary to the decision of the case, we decline to do so.   Nor do we deem it necessary to consider the merits of the controversy on the question of overcharge.   In our opinion the demurrer filed by the railroad company on the ground that the action was barred by the statute of limitations should have been sustained.   The exact date when the plaintiffs discovered that an overcharge had been made by the railway company is not stated in the petition, but it is stated, that the shipment was made from Macon to Covington, Georgia, on March 18, 1905, that the goods shipped arrived at Covington in due course of transportation, and that immediately thereafter the plaintiffs were presented with the freight bill by the defendant's agent at Covington, when, upon investigation, it was found that a much higher rate of freight had been charged than had previously been agreed upon; that the plaintiffs refused to pay the bill when first presented, because of the overcharge, but, in order to release their property from the custody and control of the defendant, they did pay the overcharge, under protest, and that immediately after the payment of the overcharge they filed

with the defendant's agent at Covington, Georgia, a claim in writing for the overcharge paid, which the railway company refused to repay. It is obvious, from these allegations, that the over-charge (if in fact it was an overcharge) was discovered by the plaintiffs during the latter part of March, 1905. The suit to recover the penalty was filed in the city court of Covington, November 26, 1907, after the lapse of more than two years from the time the railway company's liability was discovered and the right of action for the penalty accrued. Section 3776 of the Civil Code provides that all actions for penalties must be brought "within one year from the time the defendant's liability thereto was discovered, or by reasonable diligence could have been discovered." The learned counsel for the defendants in error insist that the statute codified as §2316 of the Civil Code (Act 1889, p. 136), upon which this suit is based, is not penal in character, but remedial, and that, the liability of the defendant being statutory, and there being in the statute no express limitation to its enforcement, the limitation is twenty years. In reply to this it need only be said that this statute, in its title, expressly states that it provides for "penalties;" and the petition, in paragraph 8, in terms alleges that "by reason of the failure to pay said overcharge within thirty days, as required by law, defendant is indebted to [the plaintiffs] in the sum of $241 as a penalty, for refusing to pay the same as provided by law under §2316, Vol. 2, Civil Code of 1895." The suit is not one to recover the overcharge of freight, but is distinctly declared to be a suit to recover the sum of $241, double the amount of the claimed overcharge, as a penalty for refusing to refund the overcharge.

That the limitation prescribed by §3776, supra, is applicable to this case is manifest from the decision of the Supreme Court in *Western Union Telegraph Co.* v. *Nunnally,* 86 *Ga.* 503 (12 S. E. 578). In that case it was held that a suit under the act of 1887, for the recovery of a penalty incurred by the telegraph company by reason of its failure to deliver a dispatch in due time, was barred by §2925 of the code (§3776 of the Civil Code of 1895) within one year from the time the company's liability thereon was discovered or by reasonable diligence could have been discovered. Mr. Chief Justice Bleckley, in rendering the decision for the court, said, "The case is clearly within the spirit and meaning, if not

within the very letter, of this section. The action is to recover a penalty, and it is brought by one who, if not literally an informer, is designated by statute to take the fruits of an action brought for the violation of a public penal law." And he further said (in reply to the contention made in this case that the limitation of twenty years, prescribed in § 3766 of the Civil Code of 1895, then § 2916 of the code, as to "suits for the enforcement of rights accruing to individuals under statutes," etc., applicable to this character of suits) : "We think it incredible that actions for penalties should have been limited to one year when brought by an informer, and to twenty years when brought by others not falling within the strict, literal description of informers;" and he further declared that "it is much more reasonable to treat all persons empowered to sue for penalties as informers than to hold that the right of action remains open for twenty years for a class of penalties which ought to be sued for speedily, if any ought."

This suit, therefore, being based entirely on a penalty statute, and expressly declared to be a suit for the recovery of a penalty prescribed by that statute, falls clearly within the limitation of § 3776 of the Civil Code; and the suit, not having been filed within one year from the time the defendant's liability was discovered or by reasonable diligence could have been discovered, was barred, and the court should have sustained the demurrer on this ground and dismissed the petition.                    *Judgment reversed.*