## SOUTHERN COTTON OIL COMPANY *v.* RAINES.

PER CURIAM. 1. The court did not err in overruling the defendant's demurrer to the petition, or in striking, on motion of the plaintiff, paragraph 7 of the answer. Both the demurrer and the answer attacked the constitutionality of the act of the General Assembly regulating sale of commercial fertilizers, approved August 22, 1911 (Ga. L. 1911, p. 172, §§ 2, 3, 4), the contention being that said sections "are unconstitutional and void if they can be so construed as to permit plaintiff to recover under his allegations, or if plaintiff is entitled to recover under any lawful rules promulgated by the Department of Agriculture based on said act," because violative of the Federal and State constitutional guaranties of impartial and complete protection of the law and due process of law. *Held:*

(*a*) The statute is not unconstitutional for any reason assigned. The penalty provided under the police power of the State applies alike to all persons of the same class. Moreover, it is not shown how or in what manner any constitutional guaranty is denied.

(*b*) Paragraph 7 of the answer did not set up any defense to the action. The penalties under the act of 1911 can not be avoided by showing an agreement between the parties to evade the statute. Civil Code (1910), § 1794.

(*c*) Another ground of the demurrer attacks the allegation that the plaintiff purchased the fertilizer for $26 per ton, and that the actual value was $29.97; and it is insisted that therefore the purchaser suffered no loss or damage. Such facts could not relieve the seller from any penalty provided by the above sections of said act. Park's Code, § 1778 (b), (c), (d); Michie's Code, § 1778 (2), (3), (4). Furthermore, the purchaser was entitled to the "benefits of his bargain" where a purchase of fertilizer was made for less than the actual or market value. In the instant case the purchase appears to have been a cash transaction, and it does not appear whether the actual value represented was based upon a cash or a credit transaction.

2. Error is assigned upon the admission in evidence of an official certificate by the Commissioner of Agriculture of an analysis of a sample of fertilizer, for the purpose of showing that said fertilizer was deficient in some of the ingredients according to the brand attached to the fertilizer purchased by plaintiff. The objection was "that it had not been shown to be the same fertilizer involved in this suit." When this objection was made, the plaintiff was called to the witness-stand, and on cross-examination he testified that he did not himself know whether the sample examined by the State chemist was taken from the fertilizer involved in this suit. *Held:*

(*a*) Properly construed, the words "same fertilizer involved in this suit" are specific enough, considered in connection with the pleadings, to mean either the brand of fertilizer involved in this suit or the particular lot of fertilizer actually delivered to the plaintiff.

(*b*) Under the pleadings and the evidence it appears that the certificate of analysis was offered in evidence as a sample purporting to have been

obtained by an inspector from a particular lot of fertilizer sold to plaintiff and involved in this litigation. There is no evidence in the record showing that there was a compliance with the statute in obtaining this sample or in forwarding the same for official analysis. Civil Code (1910), § 1785 et seq. Such evidence offered to show a compliance was nullified by evidence of plaintiff on cross-examination. When penalties are sought to be recovered, there must be a strict compliance with the statute. The pleadings do not, as contended by defendant in error, admit that the samples analyzed were taken from the fertilizer made or sold by the Southern Cotton Oil Company. The petition does not allege that the fertilizer described in the official certificate was obtained as required by law, nor does the answer admit it; nor does the official certificate show that the sample analyzed was taken from any fertilizer either manufactured or sold by the Southern Cotton Oil Company. The court erred in admitting the certificate.

(c) The statute also provides for a general analysis of fertilizer, the samples of which need not be derived from the particular fertilizer sold, but are intended to be obtained from the manufacturer or vendor. It is sufficient if it is shown that the sample analyzed was taken from the fertilizer manufactured to be sold, and is of the proper brand as registered. Civil Code (1910), §§ 1773, 1783; *Swift* v. *Duncan*, 154 *Ga.* 487. Obviously, that statute is not applicable to this case. Civil Code (1910), §§ 1785, 1786, 1788.

(d) In every case where a purchaser of fertilizer claims damages or penalties from the vendor by reason of deficiencies in the ingredients, the official certificate of analysis must be shown to have been taken either under the general or the special provisions from fertilizer manufactured or sold. An analysis of a sample of fertilizer not shown to have been manufactured or sold by the person or company sought to be penalized is not material or admissible. If a general analysis is relied upon, as shown above, the sample need not be taken from the particular lot of fertilizer sold.

3. Where a recovery of damages and penalty for the sale of fertilizer is sought on the ground that the fertilizer bought was inferior to the representations and brand as registered, and no official analysis is introduced in evidence, or the purported official analysis is not shown to be based upon samples obtained and furnished as provided by law, an analysis made by a private chemist would be admissible if offered by either party. A private analysis would not be admissible where there is in evidence an official analysis as provided in the Civil Code (1910), §§ 1785-1790.

4. The plaintiff in error cites, as authority for the admissibility generally of a private analysis, *Patterson* v. *Ramspeck*, 81 *Ga.* 808 (10 S. E. 390), and cit. Those cases were decided prior to the passage of the act of December 27, 1890 (Ga. L. 1890-91, vol. 1, p. 142, sec. VI, Civil Code 1910, § 1790); and since the passage of that act those cases are not authority. Compare *Jones* v. *Cordele Guano Co.*, 94 *Ga.* 14 (20 S. E. 265). *Judgment reversed. All the Justices concur.*

No. 6685. FEBRUARY 27, 1929.

*R. R. Marlin* and *W. H. Gurr,* for plaintiff in error.
*R. R. Jones,* contra.