**RCA MFG. CO., Inc., v. DECCA RECORDS, Inc., et al.**

District Court, S. D. New York.
Sept. 13, 1940.

Rogers, Hoge & Hills, of New York City, for plaintiff.

Milton Diamond, of New York City, for defendants.

LEIBELL, District Judge.

Both defendants move for an order vacating or modifying interrogatories proposed by plaintiff. The objection to some of the interrogatories is that they seek the production of documents and things and are therefore improper under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c. Plaintiff, to overcome this objection, has brought a cross motion under Rule 34 of the Federal Rules of Civil Procedure for production and inspection of the documents and things which it had requested in the interrogatories. Both motions were heard together and will be considered together.

The action is brought to recover damages for alleged trade mark infringement and unfair competition. Jurisdiction is founded on allegations of diversity of citizenship and the trade mark laws of the United States. In substance the complaint alleges that plaintiff corporation manufactures and sells phonograph records bearing red-colored labels and known as "Red Seal" records. Assertedly plaintiff is the owner of registered trade marks in a red label for phonograph records and of the words "Red Seal". The allegation is that defendant corporations manufacture, advertise and sell "a small number of phonograph records" to which they apply a red label similar to the plaintiff's. Accordingly an injunction and accounting of profits, triple damages, the destruction of allegedly infringing material and general relief are prayed for in the complaint.

In their briefs on these motions, the parties have considered the interrogatories and the demand for the production of documents and things in separate categories and for the sake of convenience I shall follow their method of treatment.

Interrogatories 2 (a), 2 (b) and 2 (d) are objected to as being not sufficiently clear. In general these interrogatories require defendants to state whether they ever sold or offered phonograph records for sale bearing red labels and if the answer is in the affirmative, defendants are requested to set out a specimen copy of such records; to state the period of time during which such records were offered for sale and to state the number of records sold by the defendant during each month of the period covered by the complaint. In my opinion these interrogatories are sufficiently clear and should be answered. Plaintiff has specified that they "refer collectively to all records sold by defendants bearing red labels" and, with this specification the objection to

the clarity of these interrogatories must be overruled.

■ Defendants object to interrogatories 2 (a), 2 (b), 2 (d), 2 (e), 5 (d), 6 (c), 6 (d), 6 (e), 6 (f), 7 (a), 7 (b), 8 (c), 8 (d), 8 (e), 8 (f), 9 (a) and 9 (b) on the ground that the answers to such interrogatories would require extensive research, investigation and expense which defendants should not be compelled to undertake. It is clear, however, from a reading of the interrogatories that they seek details of matters alleged in the answer and, having pleaded it, it may be assumed that defendants are in a position to furnish such details. In any event this objection has no great weight inasmuch as plaintiff has stipulated that if defendants do not have this material, it will be content that defendants answer these interrogatories by saying so.

■■ A further objection to this group of interrogatories is that they are "at least as important a part of plaintiff's preparation for trial as they are of defendants' case." I do not conceive this to be an objection to the interrogatories. The purpose of the Federal Rules of Civil Procedure is to allow both parties to obtain a complete examination of all relevant facts so that the truth of the case may be readily ascertained. The fact that the information sought relates to plaintiff's case rather than defendants is not important in itself.

■ A further objection made to interrogatories 2 (d), 6 (c), 6 (d), 6 (e), 8 (c), 8 (d) and 8 (e) is that they seek an unnecessary inquiry into confidential details of defendants' business. In general, these interrogatories endeavor to discover the extent of defendants' sales of records bearing red seals. Almost all of them relate to those paragraphs of defendants' answer in which it is pleaded that defendants and others have openly sold records bearing red seals for such a period of time that plaintiff is presumed to have acquiesced therein. The only way in which such an acquiescence could ever be determined would first require an inquiry as to the extent and character of defendants' sales. I think therefore, that this objection has no merit.

■ Another objection raised by defendant is that interrogatories 5 (a), 5 (b), 5 (c), 5 (d), 6 (a), 6 (b), 6 (c), 6 (d), 6 (e), 6 (f), 8 (a), 8 (b), 8 (c), 8 (d), 8 (e) and 8 (f) seek to limit defendants' proof. I do not conceive that this is a function of interrogatories. So far as the interrogatories require the production of information defendants must disclose whatever information it now has as demanded by the interrogatories. If in the interim, between the time of the answers to these interrogatories and the trial, defendants obtain further information, they will not be prevented from offering such further information on the trial and should under this interrogatory furnish it to plaintiff when it is obtained.

■ Interrogatories 1 and 2 (c) are objected to upon the ground that they request information which has already been given in defendants' answer. On reading the interrogatories, however, I think it is clear that they seek details of facts which have only been generally pleaded in the answer, and that this objection cannot be sustained.

■ A similar objection is made to interrogatories 8 and 9, but it is also claimed that the answers to these interrogatories will merely duplicate the answers to interrogatories 6 and 7. Interrogatories 6 and 7, however, are addressed to paragraph "19" of the answer, while interrogatories 8 and 9 are addressed to paragraph "22" of the answer. Plaintiff argues, and I think fairly, that it cannot assume defendants have pleaded their defenses in a redundant manner and, that although apparently duplication of answers will be required, both 6 and 7, and 8 and 9 should be answered, unless defendants stipulate that paragraphs "19" and "22" of the answer plead the same facts. Defendants in their brief say that paragraphs "19" and "22" plead the same facts in a different way to throw emphasis on different theories of defense. If such is the case, it will be no great burden for defendants to answer 8 and 9 by referring to the answers to 6 and 7.

The objection made to interrogatory 3 should be overruled. If by the common use of the words "Red Seal" defendants mean their dictionary meaning, they should so state and give it.

■■ Defendants admit that, with the exception of interrogatories 6 (f), 8 (f), 18 (b) and 18 (c), the information sought by plaintiff in the interrogatories submitted is relevant to the issues in the case. I think, however, that even 6 (f), 8 (f), 18 (b) and 18 (c) are relevant. 6 (f) and 8 (b) seek a discovery of the meaning of defendants' reference in its answer to the fact that the

436

words "red seal" are indicative of a concept of quality and are not capable of being a trade mark. The validity of the trade mark is certainly relevant. Interrogatories 18 (b) and 18 (c) seek the terms of an agreement (Ex. c) under which defendants are alleged to have agreed to change the color of the seal used on their records. If such an agreement exists, I think it is relevant to the issues herein and the said interrogatories should be answered.

An objection was also made to interrogatories 2 (b) and 2 (d) on the ground that they are improper at this time as seeking information relevant only on the question of damages before the issue of liability has been determined. The information here sought, however, apparently is also relevant to the question of acquiescence in continued infringement raised by defendant to avoid liability. The objection, therefore, will be overruled.

So far as plaintiff's motion under Rule 34 is concerned, defendant objects that the documents and things with respect to which an inspection is demanded have not been sufficiently designated and that some of them are not within defendants' possession or under their control. In my opinion the designation is sufficiently definite to inform defendants of what it is required to produce. Defendants know what plaintiff desires. If the documents and things sought to be produced are not in defendants' custody or under their control, a statement to that effect is sufficient to excuse it from compliance with an order for their production, but if defendants know where and under whose control they presently are then defendants shall so state in detail. The order to be entered on plaintiff's motion should designate the documents which are to be produced by defendants, and inspected and copied by plaintiff. Rule 34.

I think that all of the interrogatories proposed by the plaintiff are reasonable and that, if they are answered, the issues in the case will be greatly simplified. In addition plaintiff is entitled to an inspection of the documents and things which it originally requested be attached to the answers to the interrogatories, namely, 2 (a), 2 (e), 7 (a), 7 (b), 9 (a), 9 (b) and 15 (c), and an order should be made granting such an inspection under Rule 34.

Defendant's motion is denied. Plaintiff's motion is granted as indicated. Submit proposed order on notice.