31555. SOUTHERN RAILWAY COMPANY *v.* TURNER.

DECIDED MAY 9, 1947. REHEARING DENIED MAY 29, 1947.

*Harris, Harris, Russell & Weaver, R. O. Jackson,* for plaintiff in error.

*E. L. Reagan,* contra.

PARKER, J. 1. The Code, § 18-319, provides that "Every claim for loss or damage to property, or overcharge for freight, for which any common carrier may be liable shall be adjusted and paid by such common carrier within 60 days in cases of shipments wholly within this State, and within 90 days in cases of shipments between points without and points within this State, after such claim, duly verified by the claimant or his agent, shall have been filed with the agent of the initial carrier or with the agent of the carrier upon whose line the loss or damage or overcharge actually occurred. In the event such claim is not adjusted and paid within the time limited, the carrier shall be liable for interest thereon at the legal rate from the date of the filing of the claim until the payment thereof, and shall also be liable for the penalty of $50 for every such failure to adjust and pay said claim, to be recovered by the party damaged: Provided, that unless such claimant shall in such action recover the full amount claimed no penalty shall be recovered, but the recovery shall be limited to the actual loss or damage or overcharge, with interest thereon from the date of filing said claim." It is a condition precedent to the recovery of the penalty under the statute that a verified claim be filed as therein provided, unless this requirement is waived by the carrier either expressly or impliedly.

2. "A person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest." Code, § 102-106. "A person may lawfully waive the benefit of a statutory provision, where the rights of third persons are not involved, unless such waiver violates public policy." *Mutual Life Ins. Co.* v. *Durden,* 9 *Ga. App.* 797 (2) (72 S. E. 295). Where the defendant carrier furnished the plaintiff shipper with a blank form on which to make out and file his claim for the

loss of a bale of cotton, and the plaintiff filled out the form and certified to its truthfulness over his signature written thereon, and mailed the claim thus prepared to the defendant, and where thereafter the defendant replied to inquiries by the plaintiff respecting the payment of the claim, informing him that his claim was "under active investigation," and that a settlement might be expected, and where the defendant's claim agent later called upon the plaintiff in person and procured from him another written statement of the claim signed by the plaintiff, upon the promise of the agent of payment of the claim within two or three days, and where the claim agent stated to the plaintiff, at the time he took the second claim, "You need not fill out another form. Just sign this and that will be all there is to it, and you will get your check in two or three days," and where it appears that the defendant tendered the full amount of the plaintiff's claim except the $50 penalty sued for, which tender was made after the filing of the suit and about six months after the claim was first presented, and where there is no evidence indicating a demand by the defendant that the plaintiff attach an oath to either of the claims filed by him, or file any other or additional claim, and no evidence of a refusal on the part of the plaintiff to submit a verified claim, the defendant will be held to have waived the statutory requirement that a duly verified claim be filed, where the plaintiff alleged a waiver by the defendant. "Where a contract of shipment requires the owner or shipper to give notice in writing of any damage to the shipment before it is unloaded, such stipulation may be waived. If the carrier's agent without objection to the form of the notice receives and acts upon an oral notice, a waiver of the requirement as to its being in writing results." *Carter & Co.* v. *Southern Ry. Co.*, 3 *Ga. App.* 34 (5) (59 S. E. 209). A similar ruling was made in *Hill* v. *Western Union Tel. Co.*, 85 *Ga.* 425 (3) (11 S. E. 874, 21 Am. St. R. 166). A contract requiring notice in writing as a condition precedent to the recovery of damages for loss or injury to a shipment of livestock may be waived by the conduct of the carrier. *Arnold* v. *L. & N. R. Co.*, 4 *Ga. App.* 519 (61 S. E. 1050). "A stipulation that a claim for loss or damage shall be made in writing to the agent at the point of delivery promptly after delivery, and that if such claim should be delayed for more than thirty days thereafter, no carrier acting under the bill of lad-

ing should be liable in any event, may be waived by the carrier." *Post* v. *Atlantic Coast Line R. Co.,* 138 *Ga.* 763 (6) (76 S. E. 45). See also *Southern Ry. Co.* v. *Lowe,* 139 *Ga.* 362 (77 S. E. 44), and *Georgia, Florida & Alabama Ry. Co.* v. *Anderson,* 12 *Ga. App.* 117 (76 S. E. 1056).

3. The court did not err in directing a verdict for the plaintiff for the amount of the claim with interest and the penalty provided by law.

*Judgment affirmed. Sutton, C. J., concurs, and Felton, J., concurs specially.*

FELTON, J., concurring specially. I do not think that the railroad could be held to have subjected itself to a statutory penalty by waiver or estoppel because to do so would be adding to a penal statute by implication which is not permissible. 23 Am. Jur. 631, 632, §§ 37, 38; 25 C. J., § 133, p. 1205; *Southern Cotton Oil Co.* v. *Raines,* 167 *Ga.* 880 (147 S. E. 77) ; *Thompson* v. *Watson,* 186 *Ga.* 396 (197 S. E. 774, 117 A. L. R. 484) ; *Peterson* v. *State,* 13 *Ga. App.* 766 (79 S. E. 927) ; Code (Ann. Supp.) § 102-102, catchwords "Penal Statutes." However by amendment the plaintiff alleged that the claim filed was a verified claim but that if it was not the railroad was liable for the penalty by reason of waiver of the verification. There was no special demurrer attacking this allegation and the plaintiff was entitled to recover the penalty solely for the reason that the plaintiff was entitled to recover the penalty upon proof of waiver. The defects in pleadings may not be taken advantage of by a motion for a new trial. *Kelly* v. *Strouse,* 116 *Ga.* 872 (6) (43 S. E. 280) ; *Boswell* v. *Federal Land Bank of Columbia,* 181 *Ga.* 259 (182 S. E. 1) ; *Nixon* v. *Nixon,* 194 *Ga.* 302 (21 S. E. 2d, 702) ; *Twilley* v. *Twilley,* 195 *Ga.* 291 (24 S. E. 2d, 41) ; *Harbin* v. *Hunt,* 151 *Ga.* 60 (105 S. E. 842).