William GREENE

v.

LAM AMUSEMENT COMPANY et al.

B. & B. THEATRES CORPORATION

v.

ATLANTA ENTERPRISES, Inc., et al.

William GREENE et ux.

v.

ATLANTA ENTERPRISES, Inc., et al.

Civ. Nos. 5287, 5300, 5307.

United States District Court
N. D. Georgia, Atlanta Division.
March 5, 1956.

See also, 19 F.R.D. 213.

John Tyler, Swift & John Tyler, Atlanta, Ga., for William Greene.

Heyman & Abram, Atlanta, Ga., Ryan & Ryan, Boston, Mass., Maurice A. Weinstein, Charlotte, N. C., for B. & B. Theatres Corp.

Sutherland, Asbill & Brennan, Moise, Post & Gardner, Bryan, Carter, Ansley & Smith, Troutman, Sams, Schroder & Lockerman, Bird & Howell, Frank A. Holden, Hugh G. Head, Jr., Calhoun & Calhoun, Atlanta, Ga., for Atlanta Enterprises, Inc., et al.

Troutman, Sams, Schroder & Lockerman, M. Neil Andrews and Clinton J. Morgan, Sutherland, Asbill & Brennan, Atlanta, Ga., for Lam Amusement Co., et al.

SLOAN, District Judge.

The defendants in the above stated cases have filed motions that the Court determine at this time the applicable statute of limitations which is applicable.

The Court is of the opinion that this question should be determined at this time in order that such ruling may be considered in determining the limits of reasonable discovery to be permitted in the cases.

Plaintiffs insist that the 20 year statute of limitations provided by Georgia Code, § 3–704 is applicable, while the defendants insist that the 1 year statute provided by Georgia Code, § 3–714 is applicable, but that if the Court does not agree with this contention, that the 4 year limitation provided by Georgia Code, § 3–1003 is applicable to these cases.

This Court is of the opinion that it is bound by the construction given to the Georgia Statutes by the Courts of Georgia and that such construction must be followed here.

As was said by Judge Sibley in Hendryx v. E. C. Atkins & Co., 5 Cir., 79 F.2d

508, 509, in referring to what is now Georgia Code, § 3–704:

"The latter limitation was enacted for rights of action given to individuals by special legislative acts, such as a statute of incorporation. Harris v. Smith, 68 Ga. 461. Refusals to apply it to other rights of action accruing to members of the public from general statutes may be seen in Harris v. Smith, supra. Savannah & Ogeechee Canal Co. v. Shuman, 98 Ga. 171, 25 S.E. 415; Bigby v. Douglas, 123 Ga. 635, 51 S.E. 606; Anderson v. Anderson, D. C., 23 F.2d 331, affirmed Anderson v. Pennington, 5 Cir., 28 F.2d 1007."

Further, as is pointed out in Harvey v. Booth Fisheries Co. of Delaware, D.C., 228 F. 782, at page 786:

· "This is an action seeking redress for injury sustained by plaintiff in his business by reason of a public wrong by the doing of acts denounced by the Anti-Trust Act [15 U.S.C.A. § 15] by the defendants. It was an invasion of the personal rights of the plaintiff, rights which are relative and general, and embraced rights which are common with all other persons, and as a part of the public he has a right of action for injury sustained. There is no liability to plaintiff by reason of any trespass which is expressly created in his favor, but only as it affects the public, by reason of which he suffers damages. A wrong against the public must first be done before he can be injured."

This Court is, therefore, of the opinion that Georgia Code, § 3–704 is applicable only to rights of action given to individuals by special legislative acts and is not applicable where a right of action is created in a person's favor only as it affects the public by reason of which he suffers damage, that is, in cases where, as here, a wrong against the public must first be done before he can be injured. The Court, is therefore, of the opinion that this section is not applicable to these cases and the Court so holds.

Georgia Code, § 3–714 provides, as follows:

"All actions by informers, to recover any fine, forfeiture, or penalty, shall be commenced within one year from the time the defendant's liability thereto shall have been discovered, or by reasonable diligence could have been discovered."

While it has been held that all persons empowered to sue for penalties are treated as informers and such actions limited by this section, see Western Union Telegraph · Co. v. Nunnally, 86 Ga. 503, 505, 506, 12 S.E. 578; also Central of Ga. Ry. Co. v. Huson Bros., 5 Ga. App. 529, 63 S.E. 597, and Southern Ry. Co. v. Inman Akers & Inman, 11 Ga. App. 564, 75 S.E. 908, it has been determined that treble damages for an alleged violation of the Anti-Trust Laws are not in the nature of a penalty or forfeiture but are compensatory damages and an action therefor is by virtue of former § 725, now 1652 of Title 28 U.S. C.A., governed as to limitation by the Statute of the State and not by former § 791, now § 2462 of Title 28 U.S.C.A. See City of Atlanta v. Chattanooga Foundry & Pipe Co., C.C.Tenn., 101 F. 900, reversed on other grounds 6 Cir., 127 F. 23, 64 L.R.A. 721, affirmed 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; also Ben C. Jones & Co. v. West Pub. Co., 5 Cir., 270 F. 563, error dismissed 270 U.S. 665, 46 S.Ct. 208, 70 L.Ed. 789. See also, Fulton v. Loew's, Inc., D.C., 114 F.Supp. 676, 679 which contains a review of the cases.

Georgia Code, § 3–714 could have no application here since if the action could be construed as a suit to recover a penalty then the provisions of § 2462 of Title 28 U.S.C.A., would control.

This Court is of the opinion that neither Georgia Code, § 3–704 nor § 3–714 are applicable to the suits here.

The Georgia law as contained in §§ 3–1002 and 3–1003 of the Georgia Code, each impose a four year limitation, as

does the provisions of the Act of 1855–56, page 233 from which the above provisions were codified. This section, though not brought forward in the Code, provides:

"Sec. XVIII. All other suits to which any person may be entitled in the Courts of law in this State for the enforcement of rights or redress of wrongs, not otherwise, and not herein provided for, shall be brought within four years after the right of action accrues and not after."

Likewise, the new Act, approved July 7, 1955, Public Law 137, 84th Congress, amends § 4 of the Clayton Act, 15 U.S. C.A. §§ 15, 15b, and provides that every cause of action by private parties under present § 4 shall be forever barred if not commenced within four years from the time the cause of action accrues (this Act takes effect six months after its enactment). See U.S.Code Congressional and Administrative News, 1955, Vol. 1, p. 308.

So there can be little doubt but that the applicable period of limitation here will be four years, and the Court so holds.