John H. CARTER et al.

v.

ATLANTA ENTERPRISES, Inc. et al.

Civ. A. No. 5475.

United States District Court
N. D. Georgia, Atlanta Division.
March 24, 1956.

Ryan & Ryan, Boston, Mass., Tyler & Tyler, Atlanta, Ga., for plaintiff.

Moise, Post & Gardner, Sutherland, Asbill & Brennan, Bird & Howell, Troutman, Sams, Schroder & Lockerman, Bryan, Carter, Ansley & Smith, Atlanta, Ga., for defendants.

SLOAN, District Judge.

The defendant has propounded some forty interrogatories with many subdivisions to the plaintiff. These interrogatories relate generally to the business of the plaintiff. They seek to elicit the time and manner in which the company was organized, the size and nature of its business and ask for the details of its operation over a period of years. The plaintiffs have filed general objections to all of the interrogatories and specific objections to many of them.

■ The complaint in this case generally contends that the defendants, by described violations of the Anti-Trust laws, have injured and damaged the plaintiffs in the sum of many thousands of dollars which damages the plaintiffs contend resulted from injuries received in the operation of their business. This loss is predicated upon the alleged loss of income and therefore must necessarily, in part, be computed on the basis of receipts and disbursements and it is to the details of these matters that the interrogatories are directed. Generally where a plaintiff has made allegations in the complaint of losses in income of its business because of the wrongful conduct of the defendant, the plaintiff presumably is in position to furnish the details on which he bases his allegations. See RCA Mfg. Co. v. Decca Records, D.C. S.D.N.Y.1940, 1 F.R.D. 433; Adelman v. Nordberg Mfg. Co., D.C.E.D.Wis.1947, 6 F.R.D. 383. In making the following rulings upon the objections to the interrogatories the Court has in mind that to object to interrogatories propounded as burdensome and oppressive as requiring an investigation of past history and the examination of large numbers of documents is not well taken when these interrogatories seek particulars of matters alleged generally in the pleadings of the interrogated party. See Vol. 4 Moore's Federal Practice, page 2316.

Rule 26(b), Federal Rules of Civil Procedure, 28 U.S.C.A. does not require that the information sought in pretrial interrogatories be admissible as testimony at the trial. It is only necessary that they may reasonably lead to the discovery of admissible evidence. In the case of Kainz v. Anheuser-Busch, Inc., D.C., 15 F.R.D. 242, Judge Hoffman dealt with interrogatories similar in character to those in the instant case. In division [22] of that opinion at page 252, Judge Hoffman says:

"On the other hand, when the interrogatories seek particulars of matters alleged generally in the interrogated party's pleading, or otherwise deal with matters pertaining primarily to the interrogated party's case, objections based on the hardship, burden, or expense of the compilation of answers from the interrogated party's records have usually been overruled upon the ground that

**364**

the interrogated party would be obliged to make the investigation before trial in any event, and the only burden imposed by the interrogatories is to advance the compilation to an earlier stage of the proceedings. See Bowles v. McMinnville Mfg. Co., D.C.E.D.Tenn.1946, 7 F. R.D. 64; RCA Mfg. Co. v. Decca Records, Inc., D.C.S.D.N.Y.1940, 1 F.R.D. 433."

It is with these principles in mind that the rulings upon the objections to the interrogatories are hereafter made.

■ This Court held on March 5, 1956 in Greene v. Lam Amusement Co., and B. & B. Theatres Corporation v. Atlanta Enterprises, Inc., and Greene v. Atlanta Enterprises, Inc., D.C., 145 F. Supp. 346 that the statute of limitations applicable to civil suits under the Anti-Trust law is four years. The rulings here made, requiring the plaintiffs to answer interrogatories Nos. 10, 11, 12, 19, 20, 21, 22, 26, 27, 28, 29, 30, 31, 34, 35 and 36, are limited to the applicable four year period that will be involved. Wherever in these interrogatories the defendants demand that the information requested be listed in chronological or other precise order, it will suffice if plaintiffs furnish the information to the defendants in the same manner and form that it was entered upon plaintiffs' books or kept by plaintiffs.

The plaintiffs object generally to all of the interrogatories upon the ground that they are unduly oppressive and burdensome and would require plaintiffs to examine and make summaries or compilations from practically all of their records.

Under the circumstances here, these objections are without substantial merit and are overruled and denied.

The objection to interrogatory No. 5 is overruled.

■ The objections to interrogatories Nos. 6 and 7 are based upon the contention that the plaintiffs are not shown to be in position to answer and are not shown to have knowledge of the facts sought by these interrogatories. If plaintiffs have no knowledge of the facts sought, all that is required is that they so state. The objections are overruled.

The objection to interrogatory No. 10 is that it requires plaintiffs to make a tabulation of the motion pictures exhibited and to show the gross receipts and film rentals. Conceding that this is burdensome, it is not unduly so since it is material to the plaintiffs' claim of injury. The objection thereto is overruled.

The objection to interrogatory No. 14 apparently is predicated on the lack of knowledge of the plaintiffs to the answer to the interrogatory. If so, all that is required is that plaintiffs so state. The objection is overruled.

The objection to interrogatory No. 15 is without merit and is overruled.

The objections to interrogatories Nos. 16, 17 and 18 are sustained.

Interrogatories Nos. 19, 20 and 21 are objected to as unduly burdensome in calling for the detail of the receipts of the plaintiffs theatre. The objections are not well-founded and are overruled.

■ Interrogatory No. 22 calls for a tabulation of the expenses of the theatre. Subparagraph (b) relates to fixed charges and is objected to as unintelligible, and subparagraph (g) relating to federal income taxes and amusement tax returns is objected to as privileged. The objections to these interrogatories and each subdivision thereof are without merit and are overruled and denied.

The objections to interrogatories Nos. 23, 24, 25 and 27 are overruled and denied.

The objection to interrogatory No. 31 is overruled and denied.

The objections to interrogatories Nos. 32 and 33 are sustained.

Interrogatories Nos. 34 to 37 are objected to as immaterial. These objections are overruled.