55107. FINANCIAL BUILDING CONSULTANTS, INC. v. ST. CHARLES MANUFACTURING COMPANY.

BIRDSONG, Judge.

This appeal arises out of a breach of contract for building supplies. Appellee St. Charles Mfg. Co., plaintiff below, brought suit for damages arising out of the breach

of five separate contracts. The facts show that St. Charles fabricated bank teller counter equipment to order for builders of commercial bank buildings. The appellant herein, Financial Building Consultants (FBC), was a consultant to owners and builders of such bank buildings. FBC contracted with St. Charles to furnish undercounter equipment and other bank furniture for five separate bank buildings in Georgia and Florida. There was initially some dispute on two of these contracts; however, the parties ultimately agreed to a consent verdict on the breach and resultant damages as to two of the contracts. The dispute in this appeal relates to the remaining three contracts.

The undisputed evidence shows that an agent for FBC contacted an agent for St. Charles to initiate these three contracts. The evidence then shows that FBC orally and in writing described the configurations of the desired equipment and received a price quotation for three banks in Florida. At the request of the agent for St. Charles, FBC gave a purchase order number for the three contracts. It was St. Charles' contention that this was accepted by them as a series of contracts and St. Charles started and finished production of the ordered items. The evidence shows that a few days after receiving the purchase order numbers, St. Charles confirmed the orders in writing and gave the shipping date for all three orders. FBC admitted receiving these shipping confirmations but did nothing to stop the fabrication of shipments. FBC admitted placing a valid order for one of the contracts but denied any meeting of the minds as to the other two. It was their position that as to the two disputed contracts, the giving of the purchase orders was solely for the purpose of getting on the production schedule of St. Charles but that a formal purchase order as to these two contracts was never approved by FBC nor sent to St. Charles. When the equipment called for by the three contracts arrived at the first destination in Florida, FBC accepted the equipment called for by the one admittedly binding contract and rejected that shipped pursuant to the two disputed contracts. When FBC examined the shipment accepted, it noticed that some of the equipment called for by the contract was not included. Upon notification as to the

missing equipment, St. Charles declined to send the additional equipment or any personnel to resolve the dispute on the ground that FBC had failed to pay for two completed contracts, had refused shipment on two others and was complaining about a fifth. St. Charles indicated that it would complete its contractual obligations as to one contract upon an assurance that FBC would fulfill its obligations under the other four contracts. Upon being told that the missing equipment would not be shipped nor would a representative of St. Charles go to Florida in the absence of assurances of contractual compliance, FBC cancelled the accepted contract and sought shipping instructions for the return of the equipment as provided by that contract. Ultimately, St. Charles sold all the equipment called for under the three contested contracts either through its dealers or at an employees' sale. In its suit, St. Charles sought damages for the breach of all five contracts less the recoupment obtained from the sale of the equipment called for by the three contested contracts. Upon trial by jury, the trial court directed a verdict as to the two uncontested breaches and the jury found in favor of St. Charles as to the remaining three. FBC enumerated as error the denial of its motion for new trial, the failure of St. Charles to show that the sale of the equipment was in accordance with the requirements of the Uniform Commercial Code, the jury's grant of interest on unliquidated damages, and the failure by the trial court to grant a directed verdict as to the contract which St. Charles refused to complete. *Held:*

1. Appellant's enumeration of error dealing with the denial of the motion for new trial is not argued or supported by citation of authority in its brief; therefore, it is deemed abandoned. *Redfield v. State,* 240 Ga. 460, 463 (3) (241 SE2d 217); *Rodriguez v. Newby,* 131 Ga. App. 651 (5) (206 SE2d 585).

2. Appellant next argues that St. Charles failed to establish an essential predicate for its right to recover damages by failing to offer proof that the sale of the rejected goods was in accordance with the statutory requirements governing such sales. However, where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present

nothing for decision. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794); *Johnson v. State,* 128 Ga. App. 69 (1) (195 SE2d 676). This enumeration of error is without merit.

3. Appellant also argues that the trial court erred in charging the jury that it could assess interest on damages from the date of the complaint and entering judgment on such a finding. However, when the jury was instructed on these principles, there was no objection by FBC. This presents nothing for review. Code Ann. § 70-207 (a).

4. In its final enumeration of error, FBC alleges that the trial court erred in failing to grant a directed verdict in its favor on the one contract in which St. Charles admitted that it had not completely fulfilled certain contractual obligations. FBC argues that it properly rejected the entire contract pursuant to the provisions of Ga. L. 1962, pp. 156, 212 (Code Ann. § 109A-2—601). St. Charles countered this argument with the protection afforded by Ga. L. 1962, pp. 156, 217 (Code Ann. § 109A-2—609), protesting that it had the right to refuse to fulfill any remaining parts of the contract until FBC presented adequate assurance that it would honor its own commitments under the contract. These respective positions were submitted to the jury under appropriate instructions. The jury found that St. Charles had the right to refuse full compliance with the one contract, pending appropriate assurance from FBC. It also found that this did not constitute a breach of its contract. Lastly, the jury found that, under the circumstances, FBC did not have the right to reject the contract unilaterally. Inherent in its findings is the breach of the three contracts by FBC. These findings are supported by the evidence. Even though findings of fact as contended by the appellant would have been authorized by the evidence, yet where the facts found by the jury also are authorized by the evidence, such findings will not be set aside. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378); *Brook Forest Enterprises v. Paulding Co.,* 231 Ga. 695 (203 SE2d 860); *Balkcom v. Vickers,* 220 Ga. 345 (138 SE2d 868). In this case the evidence did not demand a verdict in appellant's favor and was amply sufficient to support the jury's conclusions. *Jones v. State,* 141 Ga. App. 17, 18 (232 SE2d 365). The trial

court did not err in refusing to direct a verdict in favor of FBC. *State Farm Mut. Auto Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878); *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663). This enumeration is without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 17, 1978 — DECIDED APRIL 4, 1978 — REHEARING DENIED APRIL 28, 1978 — CERT. APPLIED FOR.

*Schreeder, Wheeler & Flint, David H. Flint,* for appellant.

*Stokes & Shapiro, Herman L. Fussell,* for appellee.