## 56587. CITY EXPRESS SERVICE, INC. v. RICH'S, INC.

MCMURRAY, Judge.

Rich's, Inc. brought this action for damages against City Express Service, Inc., a common carrier, alleging breach of contract and negligence in that two shipments of goods turned over to City Express Service, Inc. were not delivered to the consignees nor returned to Rich's, Inc. The complaint seeks a judgment for the value of the missing goods, a penalty pursuant to Code § 18-319, attorney fees and punitive damages.

City Express Service, Inc. filed its answer and third party complaint denying liability and alleging that if City Express Service, Inc. is in fact liable for any sums under the allegations of the complaint the third party defendant, Commercial Union Insurance Company (its insurer), is liable to City Express Service, Inc. for any sums due the plaintiff.

The third party defendant filed its answer and defenses to the third party complaint, as well as a motion to strike and dismiss the third party complaint. The third party defendant's motion to strike and dismiss the third

party complaint was granted. Relying on Code Ann. § 68-509 (Ga. L. 1937, pp, 727, 728), Rich's, Inc. moved to add Commercial Union Insurance Company as a defendant. The motion of Rich's, Inc. to add Commercial Union Insurance Company as a party defendant was granted, and Commercial Union Insurance Company's motion for summary judgment was denied. Rich's, Inc. and Commercial Union Insurance Company later entered into a covenant not to sue, and Rich's, Inc. dismissed its action as to Commercial Union Insurance Company.

The case was tried before a jury, and at the close of the evidence the plaintiff's motion for directed verdict as to the amount of its claim, including penalty under Code § 18-319, was granted. The issues of attorney fees and punitive damages were submitted to the jury, which returned a verdict in favor of plaintiff for $2,854.29 "for claim," $3,660 attorney fees and $7,500 punitive damages. *Held:*

1. The motion of Rich's, Inc. to dismiss the appeal is denied. The numerous circumstances argued in this motion address themselves to the discretion of the trial court. As these matters have not been raised in the court below they may not be considered for the first time on appeal. *Carroll v. Johnson,* 144 Ga. App. 750, 752 (3) (242 SE2d 296).

Rich's, Inc. requested in the alternative that this court "allow brief of appellee" intending apparently to request permission to file an appellee's brief later than the 40 day time limit of Rule 16 (a) (Code Ann. § 24-3616 (a)). This portion of appellee Rich's, Inc.'s motion is granted. See *Colson v. State,* 138 Ga. App. 366 (1) (226 SE2d 154).

2. The trial court erred in directing the jury as to the value of the missing merchandise. The evidence as to value introduced by Rich's, Inc. was based solely on cost price and was of no probative value. The question of value of property is peculiarly one for the jury, and even where the only evidence as to the value of the property is uncontradicted opinion testimony, the jurors are not required to accept that opinion as correct. Furthermore, there was no evidence that the witness presented by Rich's, Inc. had any knowledge, experience, or familiarity with the value of the missing merchandise independent of

the cost price. See *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782). In addition, evidence has been submitted that a portion of the merchandise being shipped was defective goods being returned to the vendors. Generally, the proper measure of damages where a common carrier fails to deliver goods according to the terms of the contract is the value of the goods at the time and place at which it is agreed to deliver them, less the transportation charges. *Central of Ga. R. Co. v. American Coal Co.,* 28 Ga. App. 95 (110 SE 320).

3. Also, the trial court erred in directing the jury to find for the plaintiff penalties in the total amount of $100 pursuant to the provisions under Code § 18-319. The claim filed by Rich's, Inc. may not have been verified as required by Code § 18-319. See *Southern R. Co. v. Turner,* 75 Ga. App. 219 (42 SE2d 790). However, the defendant may have waived this requirement which awaits further determination. Since Code § 18-319 is penal in nature, no penalty is payable unless suit is brought within one year from the time carrier's liability was discovered or by reasonable diligence could have been discovered. Code § 3-714; *Central of Ga. R. Co. v. Huson,* 5 Ga. App. 529 (63 SE 597). Here, issues of material fact exist as to the times of discovery of the carrier's liability, and these times may have been more than one year prior to the filing of this action or this requirement may have been waived entirely.

4. The covenant not to sue entered into between Rich's, Inc. and Commercial Union Insurance Company does not stand as a bar to its action against City Express Service, Inc. See Code § 20-909; *Ford Motor Co. v. Lee,* 137 Ga. App. 486, 489-490 (8) (224 SE2d 168), reversed on other grounds, 237 Ga. 554, 556 (229 SE2d 379). But any amount which the jury might award to Rich's, Inc. against City Express Service, Inc. may be reduced by the amount of any sums previously received by the plaintiff in consideration of a covenant not to sue issued to the other tortfeasor provided the evidence on retrial so warrants. *Ford Motor Co. v. Lee,* 237 Ga. 554, 556, supra; *Atlantic C. L. R. Co. v. Ouzts,* 82 Ga. App. 36 (2), 59 (60 SE2d 770). While the insurer is not a joint tortfeasor in the culpable act, it nevertheless is made a tortfeasor by law, and may

be joined in the lawsuit as stated in Code Ann. § 68-509 (Ga. L. 1937, pp. 727, 728). See *Roadway Express Inc. v. Jackson,* 77 Ga. App. 341 (3) (48 SE2d 691); *Laster v. Maryland Cas. Co.,* 46 Ga. App. 620, 623, 625 (168 SE 128). Further, the tortfeasor defendants in *Ford Motor Co. v. Lee,* supra, were not necessarily joint but joint and severable tortfeasors causing the injury. The trial court, therefore, erred in refusing to permit the defendant to mention Commercial Union Insurance Company as this effectively precluded this defendant from introducing evidence as to the amount paid to Rich's, Inc. by Commercial Union Insurance Company in consideration of the covenant not to sue thereby possibly reducing the judgment of Rich's, Inc. against it.

5. Defendant also enumerates as error the trial court's sustaining the motion of Commercial Union Insurance Company to strike and dismiss it as a third party defendant for failure to state a claim upon which relief may be granted. The trial court received and considered evidence on the hearing of this motion thereby transforming the motion to dismiss to a motion for summary judgment. See Code Ann. § 81A-112 (b) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231). The third party defendant's motion was granted apparently because suit on the insurance policy was not initiated within 12 months after the date of discovery of the loss. Attached as an exhibit to the third party defendant's motion is a purported excerpt from the insurance policy in question. However, the excerpt from the insurance policy is not cognizable by this court because it is not supported by the required oath. Nor is it admitted to be a true copy by the opposing party. Nor does the evidence presented at the hearing on the motion appear in the record. The granting of the motion is not supported by evidence in the record and therefore must be reversed.

6. Defendant next enumerates as error the jury instruction submitting the issue of attorney fees and punitive damages. However, when the jury was instructed on these principles there was no objection by City Express Service, Inc. When a party fails to object to a jury charge at the time of trial he is precluded from alleging error on appeal as to that ground. See Code Ann.

§ 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Financial Bldg. Consultants v. St. Charles Mfg. Co.*, 145 Ga. App. 768, 771 (3) (244 SE2d 877).

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED NOVEMBER 14, 1978.

L. L. Deas, *pro se.*
*James W. Lewis,* for appellee.