## 58952. PREFERRED RISK MUTUAL INSURANCE COMPANY v. MILES et al.

DEEN, Chief Judge.
On March 18, 1977, Claudette E. Miles purchased an automobile insurance policy from Preferred Risk Insurance Co. to provide bodily injury and property damage liability coverage on her 1973 Pontiac LeMans automobile. During the policy period, and before August 15, 1977, the Pontiac was damaged in an accident and it was never repaired or returned to service. On August 15, 1977, Mrs. Miles' husband purchased a 1973 Plymouth for her use and shortly thereafter notified the insurance company of the purchase. On August 28, 1977, the Plymouth was involved in an accident and the driver of the other vehicle made a claim against Mrs. Miles. She called upon her insurance company to provide her with a defense; it refused and brought an action for a declaratory judgment against appellees. The insurance company brings this appeal from a jury verdict in favor of the

appellees.

1. Appellant first contends that the trial court erred in denying its motion for a directed verdict. The insurance policy in question covered automobiles used as a "replacement," a "temporary substitute" and an "additional automobile." The appellees admit that the Plymouth was not a temporary substitute vehicle because the policy provides that a temporary substitute cannot be owned by the insured. However, they argue that it could be considered to be a replacement or an additional automobile. A replacement automobile is defined in the policy as "a private passenger, farm or utility automobile of which the named insured acquires ownership, provided it replaces the owned automobile." As Mrs. Miles had not parted with the Pontiac, the Plymouth cannot be considered to be a replacement automobile. *Greene v. Commercial Union Ins. Co.,* 136 Ga. App. 346 (221 SE2d 479) (1975). However, under the terms of the policy, an additional automobile is defined as "an additional private passenger, farm or utility automobile of which the named insured acquires ownership, provided notice of its delivery be given to the company within 30 days following the date of its delivery." As there was testimony that the Plymouth was purchased for Mrs. Miles and it was uncontroverted that the insurance company was notified of the acquisition of this vehicle within 30 days following its delivery, the trial court did not err in denying appellant's motion for a directed verdict as to this issue because the jury could determine that the Plymouth came within the definition of an additional automobile.

2. In its second enumeration of error, appellant contends that the trial court erred in failing to submit the issues involved in the case to the jury in the form of interrogatories as provided in Code Ann. § 110-1103 and as required under the holding in *Cole v. Frostgate Warehouses,* 150 Ga. App. 320 (257 SE2d 309) (1979). The Supreme Court, however, has reversed that case on certiorari holding that "in the absence of a *specific* and *timely* objection, a party waives error relating to the manner in which questions are submitted to the jury. [Cits.]" *Frostgate Warehouses v. Cole,* 244 Ga. 782 (1979). In the present case, appellant failed to make any objection at

trial to the failure of the court to instruct the jury as to the type of verdict required under the Code and did not object to the form of the verdict when it was entered. Any error committed by the trial court was waived by the appellant.

3. Appellant next urges error in the trial court's charge on an additional automobile contending that the evidence did not support such a charge. We have examined the trial transcript and for the reasons stated in Division 1 find that there was ample evidence to support such a charge.

4. As appellant did not raise an objection to the court's charge on the construction of an insurance policy in the court below, this issue may not be raised for the first time on appeal. *City Express Service v. Rich's, Inc.*, 148 Ga. App. 123 (250 SE2d 867) (1978).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED DECEMBER 5, 1979.

*Malcolm S. Murray, William A. Dinges,* for appellant.

*Douglas C. Vassey, E. Carl Prince, Jr., Jack F. Witcher,* for appellees.